Gilmore, J.
1. Did the justice err in overruling the motion of the defendant, at the trial, to set aside the jury •of twelve men ?
By the provisions of the act in force at the time the jury was selected and served with process in the case, a jury of •twelve men was legal before a justice of the peace.
After the jury had been so selected and served, but be-before the day of trial, an act was passed abolishing the jury of twelve, and substituting a jury of six men as the legal jury before a justice.
On the day of trial the defendant moved the justice to •set aside the jury of twelve men, on the ground that the law in force at the time the jury was selected and served, had subsequently been repealed. The motion was overruled.
It is settled in this state, that the constitutional provision in reference to the right of trial by jury, does not apply to “trials before justices of the peace. Work v. The State, 2 Ohio St. 296; Norton v. McLeary, 8 Ohio St. 205.
It is, therefore, a subject over which the legislature has control.
The power of the legislature to reduce the number of jurors from twelve to six, as was done by the act of March 4, 1876, can not be questioned. There is no clause in this act, expressly saving the right to a trial by a jury of twelve men, in actions pending at the time the act was passed and took effect.
It is contended by counsel for plaintiff that the act of February 19, 1866 (S. & S. 1), saved the right of the plaintiff to a trial by a jury of twelve men in this case. The ■act saves pending actions, prosecutions, or proceedings in civil and criminal cases, and also saves the causes of such actions, prosecutions, or proceedings. It was intended to preserve existing rights, and its provisions do not relate to the remedies by which such rights may be asserted or obtained. Demedies always have been subject to legislative control, except to the extent which the constitution has limited such control. As has been shown, jury trials be *269 fore justices of the peace are subject to legislative control. They are simply one of the means by which justice is administered in those courts. They are remedial in their nature, for they may be given or taken away, at the pleasure of the legislature; and while there exists a right of appeal from the judgment of a justice of the peace, to a tribunal in which a trial by a jury of twelve men can be-had, no constitutional or legal right is violated by changing the number of men that shall constitute a legal jury for the trial of a cause before a justice.
In this case, at the time of the trial, the justice had no-legal authority to impanel a jury of twelve men, and therefore erred in overruling the motion of the defendant, to set aside the jury of that number.
The court of common pleas did not err in reversing the-judgment on this ground,- and its judgment of reversal was properly affirmed by the district court. The motion in this court must be overruled on the same ground.
There are other questions presented on the record, and argued by counsel, which may become important in the-case, if it is again tried in the courts below, and upon which, we therefore deem it proper to express an opinion.
2. Did the justice err in rejecting as evidence the written-instrument by which Jacob Bell released the right of way over the lands in question, to the Columbus and Lake Erie-Railroad Company?
There was but one attesting witness (J. "W. "Webb) to the instrument, who was neither called nor his absence accounted for.
The defendant, before offering-the instrument in evidence, (1) proved by one Sperry, that the signature of Jacob-Bell to the instrument was genuine, and (2) offered to-prove, by one Alsdorf, that Jacob Bell, -in his lifetime, in his presence, admitted that the signature to the paper was-his.
This testimony was incompetent, under the circumstances,, to prove the execution of the instrument.
The testimony of the 'attesting witness would have been-, *270 ■the highest and best evidence of the due execution of the instrument; and until he was called, or his absence accounted for, secondary evidence was not admissible to prove that the maker’s signature was genuine. 1 Greenleaf’s Ev., sec. 569.
Neither was the admission of the maker, that his signature to the instrument was genuine, without first calling the attesting witness, or accounting for his absence, receivable in evidence. Zerby v. Wilson, 3 Ohio, 43.
A transcript copy of the instrument, duly certified by the recorder of Knox county, where it is recorded, was next offered in evidence by the defendant. There is but one attesting witness to the instrument, and it was never acknowledged before any officer. The law makes no provision . for the recording of such an instrument (S. & 0. 458), and for this reason a certified transcript of such a record is not admissible. Johnson v. Haines, 2 Ohio, 55; Webster v. Harris, 16 Ohio 490.
The justice did not err in rejecting the testimony offered to prove the execution of the instrument, nor in rejecting the instrument, nor in rejecting the certified transcript of the record of the instrument.
3. Suppose the execution of the instrument had been duly proved, and it had been admitted in evidence, and the ■defendant had, in addition, proved, by competent testimony, that the defendant railroad company had succeeded to all the rights of the Columbus aud Lake Erie Railroad Company, under the instrument; how would such testimony have affected the plaintiff’s case?
We think it would have been fatal to it.
It was a statutory action, brought under the act of April 18, 1874, which requires railroad companies to fence their roads on both sides, “ except as hereinafter provided and upon their failure to do so, the land-owners, over which the railroad runs, may build the fences, and upon complying with the provisions of the statute, may recover the cost of the fence from the railroad company. The plaintiff’s cause of action was a claim for-building a fence along the rail *271 road, on the line of lands formerly owned by Jacob Bell, who, by the written instrument above referred to, for a consideration, released the right of way over the lands, and agreed to construct and keep up fences on both sides of the road. This is substantially the way we understand it. If we are correct, the case falls within the following-proviso of the statute: “Provided further, that this act, so far as it relates to fences or private crossings, shall not apply to any case in which compensation for building a fence or fences, or a private crossing, was, or shall herealter be, taken into consideration and estimated as a part of the consideration to be paid for the right of way, so far as the fence or right to private crossing were or shall be settled and paid for.”
The fence which the plaintiff built, and for which lie seeks to recover, is built on the line that Jacob Bell, for a consideration that was paid, agreed to build it. This being so, the plaintiff’s case is within the exception, and for this reason we think he can not maintain his action under the statute.

Motion overruled.